IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20767-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE S. DURAN,
MARIANELLA VALERA, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS DURAN AND VALERA'S MOTIONS FOR JURY TRIAL ON VICTIM LOSS

THIS CAUSE comes before the Court upon two Motions for Jury Trial (DE #156, 157), filed by Defendant Lawrence S. Duran and Defendant Marianella Valera. The Motions are substantially identical and request a jury trial as to the victim loss component pertinent to the sentencing calculation under the Federal Sentencing Guidelines.[1]

In their Motions, Defendants Duran and Valera state that they plan to enter a "straight up" guilty plea at their arraignment on the Superseding Indictment (DE #148), which was returned by grand jury on February 8, 2011. However, with an eye towards sentencing, Defendants contest the Government's estimated victim loss of $200,000,000.00.

Specifically, Defendants request a jury trial on the following issue: whether the Government's own purported "failure to exercise minimal due care in the management of the public funds entrusted to it" resulted, within the meaning of the Application Notes to

---

[1] After receiving an extension, the Government filed its Response (DE #179) on March 24, 2011. Therefore, Defendants' underlying Motions are ripe for determination.

the Federal Sentencing Guidelines found within § 2B1.1(b)(1), in the loss incurred by the Government as a result of fraudulent Medicare claims. (DE # 156 at 2-3; 157 at 2). Defendants predicate their request for jury trial upon the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that certain factors previously determined by the judge at sentencing required a jury trial in accordance with the Sixth Amendment to the United States Constitution.[2] In the alternative, if the Court finds that that there is no constitutional necessity to a jury trial on the issue of victim loss, Defendants request that the Court nonetheless exercise its discretion in requiring one.

In its Response, the Government notes Eleventh Circuit precedent finding that a sentencing court need not require trial by jury when considering factual determinations that might enhance – yet not exceed – the applicable statutory maximum of a defendant's sentence. The Government primarily relies upon *United States v. Dean*, 487 F.3d 840 (11th Cir. 2007). In *Dean*, the Eleventh Circuit considered whether a criminal defendant was entitled to have all facts relevant to his base offense level calculated in the Pre-Sentencing Investigation Report. In that case, the defendant had been found guilty of two tax offenses, but the Government neither charged the amount of tax loss in its indictment, nor proved it to the jury beyond a reasonable doubt. *Id.* at 853. Nonetheless, the court used the Government's calculation in determining the defendant's appropriate guideline range. *Id.* After the defendant's appeal, the Eleventh Circuit held that "a district court may make additional factual findings under a preponderance of the evidence standard that go beyond the facts found by the jury, so long as the court recognizes the Guidelines are advisory." *Id.* at 854 (citing *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir.

---

[2] According to Defendant Valera, if the Court were to adopt the Government's allegations of loss, her sentence could range from "few[er] than two (2) years of imprisonment to more than thirty (30) years or even life." (DE # 157 at 5). Defendant Duran makes the same argument. (DE #156 at 4-5).

2

2006)). Also, the Eleventh Circuit noted that it had previously affirmed a trial court's ability to "enhance a sentence based upon judicial fact-finding provided that its findings do not increase the sentence beyond the statutory maximum authorized by facts determined in a guilty plea or jury verdict." *Id.* (citing *United States v. Hunt*, 459 F.3d 1180, 1181 n.1 (11th Cir. 2006). As such, the *Dean* court affirmed the trial court's consideration of loss calculation, notwithstanding that it was not presented to the jury.

Upon consideration of the parties' filings and legal precedents cited, the Court perceives no reason to require the issue of victim loss to be submitted to a jury after Defendants Duran and Valera plead guilty. Like in *Dean*, the Government here neither charged the amount of victim loss in its Superseding Indictment, nor proved it to a jury beyond a reasonable doubt. However, there is no requirement to do so. *See Dean*, 487 F.3d at 855. As *Dean* recognized, district courts, when making their findings on the preponderance of the evidence, may consider facts beyond those submitted to jury. *See Id.* at 853-55. As such, it is not a constitutional requirement under the Sixth Amendment that factors such as victim loss be submitted to a jury. *Id.* Nor will the Court exercise its discretion to require such a jury trial here.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants Duran and Valera's Motions for Jury Trial on Victim Loss (DE #156, 157) are **DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 28th day of March, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for United States**
**Jennifer L. Saulino**
US Department of Justice
Criminal Division
Fraud Section
Bond Building
1400 New York Avenue NW
Washington, DC 20530
Email: jennifer.saulino@usdoj.gov

**Joseph S. Beemsterboer**
US Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20530
Email: Joseph.Beemsterboer@usdoj.gov

**Maria Gonzalez Calvet**
US Department of Justice
Criminal Division
Fraud Section
Bond Building
1400 New York Avenue NW
Washington, DC 20530
Email: Maria.Gonzalez.Calvet@usdoj.gov

**Counsel for Defendant Duran**
**Lawrence Richard Metsch**
Metsch & Metsch
20801 Biscayne Boulevard
Suite 307
Aventura, FL 33180-1423
305-792-2540
Fax: 792-2541
Email: l.metsch@metsch.com

**Counsel for Defendant Valera**
**Arthur W. Tifford**
1385 NW 15th Street
Miami, FL 33125-1621
305-545-7822
Fax: 325-1825
Email: tiffordlaw@bellsouth.net

**Counsel for Defendant Negron**
**Barry Michael Wax**
Law Offices of Barry M. Wax
800 Brickell Avenue
Penthouse 2
Miami, FL 33131
305-373-4400
Fax: 358-4010
Email: barrywax@bellsouth.net

**Counsel for Defendant Acevedo**
**Ira N. Loewy**
Shohat, Loewy & Shohat
800 Brickell Avenue
Penthouse 2
Miami, FL 33131-2944
305-358-7000
Fax: 305 358-4010
Email: ira@slsdefense.com